S. P. Trimmell and J. J. Burnett *v.* John Van Cresap.

Where the administrator has received no order to pay over to the plaintiffs the specific sum claimed, and where they establish no right to receive the specific sum mentioned in their petition, the administrator will not be liable to imprisonment under the 10th section of the Act of March, 1840.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J. *Taylor*, and *Purvis & Dugué*, for plaintiffs and appellants. *Ogden & Leovy*, for defendant.

Slidell, C. J. This is a proceeding against *Van Cresap*, purporting to be instituted under the 10th section of the Act of 28th of March, 1840. He was arrested, and after trial before a jury, condemned to three years imprisonment.

The conduct of *Cresap*, as may be seen by referring to the case of *Trimmell's succession*, recently decided, has been very disreputable. It has exhibited a two-fold turpitude—first, in binding himself to a dishonest simulation, and next in breaking his faith to a deceased friend. But however censurable his conduct, the question is whether the plaintiffs had a right to invoke for his punishment the provisions of law above referred to.

We are clearly of opinion that the proceeding is untenable. Without expressing an opinion upon the point, whether the clause in that section upon which the plaintiffs rely, embraces the case of an administrator who has received moneys of an estate in that capacity, and fails to pay it over when ordered, it is sufficient to say here, first, that there has been no order of the court in which the mortuary proceedings were conducted, to pay over the specific sum claimed; secondly, that the plaintiffs have established no right to receive the specific fund mentioned in their petition. In their petition they say, the administrator had in his hands a sum of $4313, proceeds of sales of property of the succession; "that this included a sum of $2885, the price of four lots, which it is pretended were sold, but for which your petitioners have brought suits to recover the same, and therefore do not claim their pretended price. But they aver, that the remaining part of said sum, to wit, $1428, was received and collected for them by the said curator, *John Van Cresap*, and was held in deposit and trust for them by the said *John Van Cresap.*" Now the judgment of the mortuary proceedings which they refer to, does not direct the specified fund to be paid to them, and it will be seen by the opinion in the case of *Trimmell's succession*, that the privileged charges upon the estate, together with the mortgage claims of *Van Cresap*, for $700, would more than absorb the fund of $1428.

It is therefore decreed, that the judgment of the District Court be reversed, and the petition dismissed; the plaintiffs to pay costs in both courts.